IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| EZRA SHIMSHI; PERSONS SIMILARLY SITUATED, who may join as parties, | ) ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 1:06-CV-2371 MHS |
| CATHY COX, SECRETARY OF STATE OF GEORGIA, in her official capacity; REPRESENTATIVES OF THE GEORGIA HOUSE OF REPRESENTATIVES, in their official capacity; SENATORS OF THE GEORGIA SENATE, in their official capacity; THE GOVERNOR OF THE STATE OF GEORGIA, in his official capacity; MEMBERS OF THE STATE ELECTION BOARD, in their official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff and responds to Defendants' Motion To Dismiss, as follows:

Plaintiff seeks to declare Defendants' election practices unconstitutional. The two parties system, for example, may still be preserved. However, even in such a system, the right to vote shall not be "abridged" by the state. The state must let each voter vote for any number of the democratic presidential hopefuls, or for any number of the republican presidential hopefuls, as the case maybe.

Plaintiff alleges that a substantial number of voters are prevented from voting for the candidates of their preferred choices. This is because their preferred choices may have already

been eliminated through misinterpretation of the Constitution or by means of election practices. Plaintiff also alleges that the rights of all voters to vote in free and fair elections have been abridged. It is simply a matter of common knowledge and a matter of fact that not few but rather great numbers of voters who voted in past elections did vote for other than their preferred choices. Many potential voters may have even decided not to vote at all after concluding that their votes will have no real meaning or impact on the election. The current election practices are inherently unfair because votes have unequal effect on elections. It is also true that virtually all candidates were deprived of votes they could have received had Plaintiff's proposal been adapted. The fundamental concept in Plaintiff's lawsuit is that injustices to voters and candidates can be addressed by simply letting voters vote for all the candidates of their choice, no matter what election structure is in place. It can easily be demonstrated that the Plaintiff's proposal is feasible because the only change it causes is in the number of ballots to be counted. Then, it will be up to each state whether to maintain the entire election structure as it has been, or to do away with unnecessary processes like the runoff elections. Plaintiff's action is justified by the written words in the Constitution. Four Amendments, which refer directly to voting rights, say that the right to vote "...shall not be denied or abridged...." The meaning of these words "denied or abridged" is

that the right to vote must not only be denied completely but also it must not be curtailed, in any way.

The Complaint, contrary to Defendants' assertions, does present sufficient facts, which entitle Plaintiff the relief he seeks.

### A. Plaintiff's Complaint Should Not Be Dismissed Because He Has Standing To Bring Suit.

Plaintiff has suffered actual and imminent injuries to legally protected interests, as did millions of other voters. These injuries were caused directly by Defendants' election practices and by the practices of Defendants' predecessors. A Court's decision favorable to Plaintiff will certainly redress Plaintiff's injuries as well as the injuries and damages suffered by millions of other voters and candidates. Plaintiff's injuries and the injuries of other voters and candidates are very specific as alleged in the Complaint and may even be aggravated if the unconstitutional election practices by Defendants and their successors in office are allowed to continue. Based on the authority cited by Defendants, Plaintiff has standing to bring suit since substantial facts are presented in his Complaint.

It is also clear in the Complaint that Plaintiff did identify previous election in which a candidate who lost would have been elected as President of the United States had Plaintiff's proposal been adapted. Under the current election

system, it is inevitable that the elected President is not necessarily the majority choice of the Electoral College or the majority of the people, when there is a third party candidate in a two parties system. On the other hand, Plaintiff's proposed election reform, which is constitutionally imperative, will guarantee that the President, for example, will always have the majority of the votes, or the majority of the Electoral College.

Plaintiff has identified the relevant Amendments in the Constitution. According to these Amendments, Defendants' election practices may have not denied the people the right to vote, in a technical sense. However, the Defendants and their predecessors have abridged that right.

Plaintiff does not assume, in his Complaint, that the current voting system prevents candidates from winning without a majority of support from the American people, as Defendants assert in their Motion.

Since it is apparent from the factual allegations in the Complaint that Plaintiff has standing to bring suit, his action should not be dismissed.

### B. Georgia's Current Election Practices Are Unconstitutional.

Plaintiff demonstrated in his Complaint that the current election practices are repugnant to the 14th, 15th and 19th Amendments.

In their Motion, Defendants are arguing election issues

4

related to grievances by specific individuals or groups, which were raised in the past. That is why their argument and cited authorities are irrelevant to the issues Plaintiff has raised in his Complaint. The issues in the instant action relate to letting each voter to vote for one or more candidates he or she chooses to vote for. Therefore, those issues concern everybody. Plaintiff's argument is that all voters are and have been prevented from voting in free and fair elections. Furthermore, Plaintiff's contention is that all candidates are and have been deprived of votes they were entitled to receive. It is inherent in Plaintiff's proposal as well as in the Constitution that an elected candidate should always be chosen by the majority of the voters, or the majority of the Electoral College. The proven fact is that this is not the case under the current election practices.

The states should not interpret the terms "denied" as a license to give the people some rights to vote. The state of Georgia (as an extreme example) may not make laws that give each voter the right to vote for only one candidate among the candidates running for the various offices of Government. It can be argued that even in this kind of minimal right, all the voters have equal voting rights. According to Defendants' argument and endless citation of authorities, there is no conflict with the Constitution even in this extreme example.

In some countries there is only one candidate running for

the office of president because in their election practices all other candidates may be eliminated in the election process. In those countries everyone is allowed to vote and the president is always receive the majority of the votes. And again, according to the Defendants' argument and supported by irrelevant cited authorities, a complaint against such election process should be dismissed, because the lawsuit is not rational and may even be illegal.

Defendants, apparently, did not comprehend the importance of the issues raised in the Complaint. For instance, in the illustrative case of the American Moslem female of Chinese origin, Plaintiff wished to show how it is possible for a voter to want to vote for a candidate who has no chance to win and the probability that this voter may choose not to vote at all. It also demonstrates how it is possible for a candidate to loose a vote he should have received. Plaintiff does agree with one of defendants' observation, namely, that under Plaintiff's election reform candidates with repugnant views will not be elected if the majority of the voters do not want them to win.

The inherent interest of democracy is that the majority should rule and this is surely the compelling state interest. Georgia's election code is complex only because it was trying to achieve fairness in unfair election system. Many controversial issues, which have evolved under the current election practices may never be solved, no matter how much legislative effort are

expanded, unless, Plaintiff prevails in Court.

### C. Senators Of The Senate And Representatives Of The House Of Representatives Are Parties Capable Of Being Sued In this Court.

This Court can declare states statues, which are repugnant to the Constitution of the United States, unconstitutional.

Every Legislator represents the legislative power of his office. The legislative powers of the offices of the Senate and the House of Representatives always remain the same while their occupiers may change. The legislators and their successors have the same duties in enacting laws. The laws they propose and the statutes they write may be challenged in Court as unconstitutional, even if such laws need only to be supplemented rather than amended or stricken out. The Senators and Representatives are not being named personally in the Complaint. They will incur no personal risks, monitory or otherwise. In the event Plaintiff prevails in his lawsuit, these Defendants, or their successors will have to supplement the statutes that are being challenged in order to comply with the Court's order. These challenged statutes are not the property of any specific legislators. These statutes may be amended, stricken out or supplemented by any occupiers of the legislatives offices.

Therefore, the Senators and the Representatives should not be dismissed as Defendants in the instant lawsuit.

## **CONCLUSION**

Plaintiff's proposed election reform is workable. Most importantly, it is fair to all voters. Such election reform would afford each and every voter true and full freedom in his or hers exercise of the right to vote. It will represent the true intent of the Constitution and would guarantee fair and free elections to all voters. Furthermore, it will assured all candidates that all the votes the voters wish to cast for them would, in fact, be cast for them.

Plaintiff has standing to bring suit. Plaintiff's insight into the true meaning of the 14th, 15th and 19th Amendments may even be a beacon of light in the lives of billions of peoples around the world.

Plaintiff, therefore, urges this Court to dismiss Defendants' Motion because the Complaint has stated a claim on which relief can be granted.

Respectfully submitted,

This 12th day of January, 2007.

Ezra Shimshi, pro-se
P.O. Box 421011
Atlanta, GA 30342

**CERTIFICATE OF SERVICE**

I Do hereby certify that on January 12, 2007, I have mailed by United States Postal Service the

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

to the following:

CALANDRA ALMOND
Attorney for Defendants
Department of law
40 Capitol Square, SW
Atlanta, GA 30334

*Ezra Shimshi*
Ezra Shimshi
P. O. Box 421011
Atlanta, GA 30342