FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 5 2007

JAMES N. HATTEN, Clerk
By: JKPrickry Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

EZRA SHIMSHI; PERSONS SIMILARLY           )
SITUATED, who may join as parties,        )
                                          )
                          Plaintiff,      )
                                          )
vs.                                       )    CIVIL ACTION NO.
                                          )    1:06-CV-2371 MHS
KAREN HANDEL, SECRETARY OF STATE OF       )
GEORGIA, in her official capacity;        )
REPRESENTATIVES OF THE GEORGIA            )
HOUSE OF REPRESENTATIVES,                 )
in their official capacity;               )
SENATORS OF THE GEORGIA SENATE,           )
in their official capacity;               )
THE GOVERNOR OF THE STATE OF GEORGIA,     )
in his official capacity;                 )
MEMBERS OF THE STATE ELECTION BOARD,      )
in their official capacity,               )
                                          )
                          Defendants.     )

## REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff files his Reply to Defendants' Response to Motion for Judgment on the Pleadings pursuant to Local Rule 7.1 C.

Plaintiff's Motion for Judgment on the Pleadings was filed ten days after the Court entered its first Scheduling Order. The Defendants' Motion to Dismiss was filed in "lieu of an answer". This simply means that they had no intention to file a subsequent answer, which must include the same admissions as in their Motion to Dismiss. In their Motion to Dismiss, Defendants admitted the essential facts in Plaintiff's Voting Rights Complaint. They could not have filed an answer in which they could deny the facts they admitted in their Motion. Defendants will not be able to

deny the obvious facts in Plaintiff's Complaint in any form of pleadings, to wit: (1) The fact that Plaintiff and other citizens were not allowed by the Defendants, in past elections, to vote for any number of their preferred candidates; (2) The fact that they have denied candidates of votes they were entitled to receive; (3) The fact that violating citizens of their constitutional rights is by definition an infliction of injury in fact. These facts cannot be denied in any answer Defendants may compose. This is why an answer is no longer an option.

In any event, Rule 12(a)(4) should not be applicable in a situation where Defendants' Motion to Dismiss was filed in lieu of an answer. The rational here is that because they knew that in their answer they had no choice but to admit all the essential facts in Plaintiff' Complaint, Defendants have used Rule 12(a)(4) for destructive purposes. In their Motion to Dismiss, Defendants did not deny the facts alleged in the Complaint - they merely excused them. For example: On page 8, line 8, they write: "Georgia's current system of limiting each voter per office does not discriminate against any voter, including Plaintiff." On page 9, line 1, they write: "Even if being limited to one vote per office could be seen as substantially infringing on a fundamental right or targeting a protected class, Georgia's voting system would still be constitutional." On page 9, line 13, they write: "Thus, since limiting each vote to one vote (candidate?) is a key feature of voting systems nationwide and worldwide, Plaintiff's

2

allegations are trivial to the point of absurdity." These admissions and others in Defendants' Motion to Dismiss cannot be the subject for reversal in any subsequent answer to the Complaint.

In their Response to Plaintiff's Motion for Judgment on the Pleadings, Defendants concluded that Plaintiff's Complaint consists of vague, conclusory statements. Plaintiff disagrees because the Complaint is clear and simple. Plaintiff's action is as important as the actions that gave rise to voting rights to women, blacks and various disadvantaged groups. The Court is asked simply what all citizens wish for, that is, to "Secure the blessing of liberty to ourselves and to our Posterity." Plaintiff's voting system, which gives each voter the freedom of choice to cast his or her one single vote for each candidate of his or her choosing, will instill fairness in elections and will guarantee that a majority shall rule. This is important, because only a majority rule can protect the constitutional rights and legal rights of minorities and the disadvantaged.

For the forgoing reasons, Plaintiff's Motion for Judgment on the Pleadings should be granted.

                        Respectfully submitted,

                        *Ezra Shimshi*
                        Ezra Shimshi, pro-se
                        P.O. Box 421011
                        Atlanta, GA 30342

## CERTIFICATE OF SERVICE

I Do hereby certify that on __March 5__, 2007, I have mailed by United States Postal Service the

### REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

to the following:

CALANDRA ALMOND
Attorney for Defendants
Department of law
40 Capitol Square, SW
Atlanta, GA 30334

*Ezra Shimshi*
Ezra Shimshi
P. O. Box 421011
Atlanta, GA 30342

4