UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SHIMSHI, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : 1:06-CV-02371-MHS |
| KAREN HANDEL, SECRETARY OF STATE OF GEORGIA, in her official capacity, et al., | : |
| | : |
| Defendants. | : |

## ORDER

Presently before the Court is defendants' motion to dismiss. For the reasons set forth below, the Court grants the motion.

Plaintiff Ezra Shimshi proceeding pro se filed a complaint against defendants Cathy Cox in her official capacity as the Secretary State of Georgia,[1] Representatives of the Georgia House of Representatives in their official capacities, Senators of the Georgia Senate in their official capacities, the Governor of the State of Georgia in his official capacity, and members of the State Election Board in their official capacities. Plaintiff alleges that the election practices by

---

[1] Karen Handel is Georgia's current Secretary of State.

defendants are unconstitutional in violation of the 14th, 15th, and 19th Amendments. Plaintiff contends that each registered voter should have the right to vote for any number of candidates running for office, and in return, candidates should have the right to receive all the votes they are entitled to receive. Plaintiff alleges that he has been deprived of his right to cast a vote, and that as a result, he has suffered unwarranted limits on his liberty and has incurred damage to his sense of security.

Defendants have filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted which pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that plaintiff's complaint is patently frivolous, devoid of fact, and consists entirely of plaintiff's abstract hypotheticals and musings. Defendants argue that plaintiff lacks standing, and that even if plaintiff did have standing, Georgia's current voting system is constitutional and the Georgia Senate and Georgia House of Representatives are not entities capable of being sued.

Plaintiff responds that the state must let each voter vote for any number of presidential hopefuls and that a number of voters are prevented from voting for the

AO 72A
(Rev.8/82)

candidates of their preferred choices. Plaintiff explains that he proposes election reform in his complaint so that injustices to voters and candidates can be addressed by simply letting voters vote for all the candidates of their choice, no matter what election structure is in place. He contends that his "proposal" is feasible because it will only change the number of ballots to be counted. Plaintiff claims that he has standing because he has suffered actual and imminent injuries to legally protected interests directly caused by defendants' election practices, as did millions of other voters.

To have standing, a plaintiff must first have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized (affecting the plaintiff in a personal and individual way) and (b) actual or imminent, not conjectural or hypothetical. Second, there has to be a causal connection between the injury and the conduct in question. Third, it must be likely, and not merely speculative, that the injury will be redressed by a favorable decision. In addition, the U.S. Supreme Court has made clear that "a plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it

does the public at large-does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 573-74 (1992).

Plaintiff has not alleged that he has suffered an invasion of a legally protected interest that affects him in a personal and individual way and that is not conjectural or hypothetical. He has not alleged that government action has injured him, and he does not specify whether or how he has been injured by the current voting system or provide a specific election result that injured him. Without such injury, plaintiff has not shown a casual connection between an injury and the election conduct in question. Plaintiff has not shown that it is likely that his alleged injury will be redressed by a favorable decision from this Court. Instead, plaintiff seeks to reform the voting system and allow every person to vote for an unlimited number of candidates for each particular office. He argues that the current election system abridges the voting rights of other voters by preventing them to vote as they choose and it deprives candidates from having all the votes they are entitled to receive. Plaintiff has made proposals for election and voting reform in his complaint, as well as hypotheticals about how election results would have been different under his proposal. He has also provided an example of a woman who was compelled to stay at home and not vote because she wanted to

4

vote for a candidate who had a slim chance of winning an election. None of plaintiff's hypotheticals or proposals provide him standing to sue defendants. Finally, plaintiff does not have standing merely as a citizen to claim that government action regarding voting or the elections violates federal laws or the U.S. Constitution.

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss [#5]; DENIES AS MOOT plaintiff's motion for judgment on the pleadings [#13]; and DISMISSES THIS CASE.

IT IS SO ORDERED, this 10th day of April, 2007.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)